UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                       **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 11-134(1) (MJD/AJB)
                          Criminal File No. 13-91(1) (MJD/LIB)

MICHAEL JOSEPH CROSBY,

       Defendant.

Katharine T. Buzicky, Assistant United States Attorney, Counsel for Plaintiff.

Michael Joseph Crosby, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Pro Se Letter to District Judge requesting early termination of supervised release.  [Docket No. 143]  The Government opposes Defendant's motion.

## II.    BACKGROUND

In Criminal File No. 11-134, on April 12, 2011, Defendant Michael Joseph Crosby was charged in a 31-count Indictment alleging mail fraud, wire fraud, money laundering, income tax evasion, and willful failure to file tax returns.

1

[Docket No. 1]  On June 28, 2011, Defendant pled guilty to Count 15 of the Indictment, wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and to Count 26 of the Indictment, tax evasion, in violation of 26 U.S.C. § 7201.  On February 17, 2012, the Court sentenced Defendant to a term of 151 months in prison, followed by 3 years supervised release.  [Docket Nos. 57, 58]   A Second Amended Judgment, amending the restitution amount, was entered on July 27, 2015. [Docket No. 126]

In Criminal File No. 13-91, on June 13, 2013, Defendant pled guilty to a one-count indictment charging him with escape from the Federal Prison Camp, Duluth, Minnesota.  [Docket No. 23]  On March 28, 2014, the Court sentenced Defendant to 18 months imprisonment to be served consecutively with the sentence imposed in Criminal File No. 11-134, followed by 3 years supervised release.  [Docket No. 39 at 2]

On April 6, 2020, the Court granted Defendant's motion for compassionate release and reduced Defendant's sentence of imprisonment to time served. [Criminal File No. 11-134, Docket No. 139]  Defendant began serving his term of supervised release.

Defendant has now requested that the Court terminate his supervised release.

The Court may grant early termination of supervised release after the defendant has served one year if, in the discretion of the Court, such relief is appropriate based on the conduct of the defendant and in the interests of justice. 18 U.S.C. § 3583(e).  The Court has broad discretion to determine whether a defendant's supervised release should be terminated.  United States v. Mosby, 719 F.3d 925, 930 (8th Cir. 2013).

Due to his mother's poor health, Defendant will likely need to relocate to live with relatives in Wisconsin.  Defendant faces his own ongoing serious health concerns and, despite his earnest efforts, has had difficulty obtaining employment.  Apart from his inability to make full restitution payments due to his poverty, Defendant has performed well on supervised release.  The Court concludes that termination of supervised release is appropriate.  The Government can continue to seek restitution payments from Defendant regardless of whether he is on supervised release.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Defendant's Pro Se Letter to District Judge requesting early termination of supervised release [Docket No. 143] is **GRANTED**.

2. As of the date of this Order, Defendant is discharged from supervised release in both Criminal File No. 11-134(1) (MJD/AJB) and Criminal File No. 13-91(1) (MJD/LIB).


Dated:   April 28, 2022                    s/Michael J. Davis
                                       Michael J. Davis
                                       United States District Court